# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARIO MARTINEZ, Individually and on Behalf of Others Similarly Situated<br>  Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-1388 |
| DAISY YOSELINE VASQUEZ and JIMY ALEXANDER GARCIA-OCHOA, Individually and d/b/a J&J ERECTORS, TOTAL MBC, and TOTAL MBE,<br>  Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendants Daisy Yoseline Vasquez ("Vasquez") and Jimy Alexander Garcia-Ochoa ("Garcia") (jointly, "Defendants"), doing business under the assumed names of J&J Erectors, Total MBC, and Total MBE, have a business plan that includes misclassifying hourly workers as independent contractors and paying them the same hourly rate for all hours worked, even those hours over 40 per workweek. Defendants' failure to pay the overtime premium required by law allows them to gain an unfair advantage over their competitors who follow the law in their employment practices. Plaintiff Mario Martinez ("Martinez" or "Plaintiff") is one of the workers hired by Defendants as an hourly employee and not paid overtime pay and brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1.   Martinez worked for Defendants as a construction worker erecting metal

buildings at various times between March of 2017 and April of 2019. Martinez's duties included, but were not limited to, constructing buildings of various sizes all over the United States.

2. During the time he worked for the Defendants, Martinez regularly worked in excess of 40 hours per week.

3. Defendants paid Martinez on an hourly basis. Defendants did not pay Martinez an overtime premium for any of the hours he worked in excess of 40 in a workweek. Instead, Martinez was paid the same hourly rate for all the hours he worked ("straight time").

4. Martinez worked with numerous other construction workers who were paid on an hourly basis. These individuals also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked in excess of 40 per workweek. Instead, the Defendants also paid these other individuals straight time for all hours that they worked over 40 in a workweek.

**Allegations Regarding FLSA Coverage**

5. Defendants are individuals that own and operate business enterprise(s) that is/are covered by and subject to the overtime requirements of the FLSA.

6. During each of the three years prior to this complaint being filed, Defendants owned and operated an enterprises engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, performing construction work in numerous states, conducting transactions through commerce, including the use of credit cards, cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for

commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas, or were moved from Texas to another state.

**Plaintiff's Claims**

10. Defendants were legally required to pay Martinez and his similarly situated construction worker co-workers ("Members of the Class") overtime pay for all hours that these individuals worked for Defendants in excess of 40 in any workweek.

11. Martinez worked over 40 hours in many workweeks that he worked for Defendants.

12. Members of the Class worked over 40 hours in many workweeks that they worked for Defendants.

13. Defendants did not pay Martinez time-and-a-half for any of the overtime hours that he worked for the Defendants. Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other construction businesses that pay their employees all of the money required by law.

14. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Martinez and Members of the Class. Such practice was and continues to be with regard to the Members of the

Class, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

15. Defendants violated the FLSA by failing to pay Martinez overtime pay for hours worked over 40 per workweek.

16. Martinez has suffered damages as a direct result of Defendants' illegal actions.

17. Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Collective Action Allegations

18. The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class; that is, paying hourly workers on a straight-time basis. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

19. The class of similarly situated Plaintiffs is properly defined as:

> **All individuals who are/were employed by and paid on an hourly basis by Defendants Daisy Yoseline Vasquez and Jimy Alexander Garcia-Ochoa, and who were not paid overtime pay for hours worked in excess of 40 per week during the three-year period preceding the filing of this Complaint.**

## Defendant, Jurisdiction, and Venue

20. Defendant Daisy Yoseline Vasquez is an individual resident of Houston, Texas, and is an "employer" as defined by the FLSA. Vasquez may be served at 239 Harkness Street, Houston, Texas 77076, or 313 Sunnyside Street #403, Houston, Texas 77076, or wherever she may be found.

21. Defendant Jimy Alexander Garcia-Ochoa is an individual resident of Houston, Texas, and is an "employer" as defined by the FLSA. Garcia may be served at 313 Sunnyside Street #403, Houston, Texas 77076, or wherever he may be found.

22. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## **Demand for Jury**

23. Plaintiff demands a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing construction work who are/were employed by and paid on an hourly basis by Daisy Yoseline Vasquez and/or Jimy Alexander Garcia-Ochoa and not paid overtime pay during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF MARIO MARTINEZ**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF MARIO MARTINEZ**