IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIO MARTINEZ, Individually and on Behalf of Others Similarly Situated<br>Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-1388 |
| DAISY YOSELINE VASQUEZ and JIMY ALEXANDER GARCIA-OCHOA, Individually and d/b/a J&J ERECTORS, TOTAL MBC, and TOTAL MBE,<br>Defendants. | §<br>§ | JURY DEMANDED |

## PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT
## AND MOTION FOR DEFAULT JUDGMENT

Plaintiff Mario Martinez files his motion for default judgment against Defendants Daisy Yoseline Vasquez and Alexander Garcia-Ochoa, Individually and d/b/a J&J Erectors, Total MBC and Total MBE ("Defendants"):

## I.
## INTRODUCTION

1. This is a suit to recover unpaid overtime pay and unpaid wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Plaintiff served Defendants Daisy Yoseline Vasquez and Alexander Garcia-Ochoa, Individually and d/b/a J&J Erectors, Total MBC and Total MBE with process on August 1, 2020. Defendants' answers were due on August 24, 2020.[1] No answer has been filed and Plaintiff thus seeks a default judgment against the Defendants.

---

[1] The executed returns of service for the Defendants are filed with the Court as Documents 10 and 11.

## II.
## REQUEST FOR ENTRY OF DEFAULT

3. Plaintiff respectfully requests that the Court enter Defendants' default as allowed under Fed. R. Civ. P. 55. Plaintiff is filing with this motion an Order on Entry of Default in addition to a proposed Default Judgment.

## III.
## PLAINTIFF'S DAMAGES

### *Unpaid Wages*

4. Plaintiff claims overtime compensation as allowed under the FLSA, a statute that establishes a comprehensive federal regulatory scheme providing employees with minimum wage, overtime and child labor protections.

5. In pertinent part, the FLSA requires employers to pay each covered employee time and a half the employee's regular rate of pay for hours worked in excess of 40 hours per workweek. 29 U.S.C. § 207. Specifically, pursuant to the FLSA, no employer shall employ any employee who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one-half times the regular rate at which he or she is employed. 29 U.S.C. § 207(a)(1).

6. Plaintiff Mario Martinez is a former employee of Daisy Yoseline Vasquez and Alexander Garcia-Ochoa, Individually and d/b/a J&J Erectors, Total MBC and Total MBE, and his declaration is being filed with this motion as Exhibit 1.

7. In his declaration, Martinez states that he worked for the Defendants from March of 2017 until July of 2018, and then again in March and April of 2020, for a total of approximately 67 weeks within the 3-year limitations period. Martinez Decl. at ¶3 Mr. Martinez states that he worked as a metal building fabricator, and that he was paid on an hourly basis at a rate of $15.00 per hour. Martinez Decl. at ¶4.

8. Martinez further declares that when he was working on a project, he generally worked 6-7 days per week, 10-12 hours per day, for a total of approximately 70 hours per week while he was on a job. Martinez Decl. at ¶4.

9. Defendants paid Mr. Martinez $15.00 per hour and never paid him an overtime premium for the hours he worked over 40 each week. Martinez Decl. at ¶4. Defendants also did not pay Martinez at all for approximately 4 weeks (262 hours) in May of 2018. Martinez Decl. at ¶4.

10. Hourly workers are owed overtime pay based on a "time-and-a-half" calculation. For each hour over 40 in a workweek that Martinez was paid $15.00, he would be owed an additional $7.50 in overtime premium for that hour. In the case of overtime hours Martinez worked and for which he was not paid at all, he would be owed $15.00 X 1.5 = $22.50.

11. Thus, his overtime for an average week is:

$$(70 \text{ hours worked} - 40) \times \$15.00/2$$
$$30 \text{ (Overtime Hours)} \times \$7.50 =$$
$$\$225.00 \text{ (Weekly Damages in Average Weeks)}$$

12. The damages related to unpaid time is calculated as follows:

160 "regular" hours X $15.00 = $2,400.00
102 overtime hours X $22.50 = $2,295.00
Total owed for unpaid time = **$4,695.00**

13. In the weeks Plaintiff was paid straight time, he is owed in half-time overtime:

63 X $225.00 (Half-time Damages) = **$14,175.00**

In addition, Plaintiff is owed for unpaid wages:

**TOTAL = $4,695.00 + $14,175.00 = $18,870.00**

*Liquidated Damages*

14. In addition to his unpaid wages, Plaintiff seeks an additional equal amount of liquidated, or "double" damages as allowed under the FLSA. Plaintiffs are routinely entitled to receive double damages in an amount equal to the unpaid overtime on their FLSA claims.

15. Section 216(b) of the FLSA provides for liquidated damages as follows:

   > **"Any employer who violates the provisions of this title <u>shall be liable</u> to the employee or the employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional amount of liquidated damages."**

   29 U.S.C. § 216(b) (emphasis supplied).

**a) Controlling Law on Liquidated Damages**

16. Liquidated damages are "compensatory, not punitive in nature." *EEOC v. First Citizens Bank of Billings*, 758 F.2d 397, 403 (9th Cir.), *cert. denied*, 474 U.S. 902 (1985). The FLSA originally made such damages mandatory. *See, Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 581 (1942). However, the Portal-to-Portal Act, made doubling discretionary rather than mandatory, by permitting a court to withhold liquidated damages in an action to recover unpaid minimum wages "if the employer shows ... that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA." Even so, there is still a "strong presumption in favor of doubling." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986) (double damages are the norm, single damages the exception).

17. An employer bears a "substantial burden" in proving this defense, which contains what has been described as subjective and objective components.[2] *Brock v. Shirk*, 833 F.2d 1326, 1330 (9th Cir. 1987), *vacated on other grounds*, 488 U.S. 806 (1988). A court must award liquidated damages if the employer fails to meet this burden. *Id*. at 1331; *First Citizens Bank*, 758 F.2d at 403. Even if an employer demonstrates that it acted in good faith, a court nonetheless has the discretion to award liquidated damages for a violation of the FLSA. *See, e.g., Peters v. City of Shreveport*, 818 F.2d 1148, 1167 (5th Cir. 1987), *cert. denied*, 485 U.S. 930 (1988).

18. To satisfy the "good faith" prong of a liquidated damages defense, an employer must offer evidence that it had an honest good faith intention to determine the requirements of the FLSA and then follow them. *Beebee v. United States*, 226 Ct.Cl. 308, 640 F.2d 1283, 1925 (1981). Liquidated damages are mandatory absent such a showing. *Id.; Renfro v. City of Emporia*. See, *Bratt v. County of Los Angeles*, 912 F.2d 1066, 948 F.2d 1529, 1540 (10th Cir. 1991) (district court has no discretion to mitigate liquidated damages in such a case).

19. Even if an employer were to prove subjective "good faith," to avoid paying liquidated damages, the employer must next prove "reasonable grounds" for the acts or omissions which violated the FLSA.

20. Whether Defendants have "reasonable grounds" must be evaluated by an objective test. *Renfro*, 948 F.2d at 1540. It is clear that an employer may not rely upon ignorance as a reasonable ground for believing that its actions did not violate the FLSA. *Brennan v.*

---

[2] To satisfy the subjective good faith component, the employer must show that it had an honest intention of ascertaining what the FLSA required and to act in accordance with it. *First Citizens Bank*, 758 F.2d at 1072. The question of "honest intention" is an inquiry that is essentially factual. *Id*. On the other hand, determining the reasonableness of the employer's belief involves applying the proper interpretation of the FLSA and supporting regulations to uncontested facts – a legal determination. *Id*. The employer must, of course, prove both to avoid liquidated damages.

*General Motors Acceptance Corporation,* 482 F.2d 825 (5th Cir. 1973); *Barcellona v. Tiffany English Pub*, 597 F.2d 464, 468-69 (5th Cir. 1979).

21. Because Defendants have chosen not to take any action, Defendants have failed to prove either subjective good faith or objective reasonable grounds. Therefore, Plaintiff is entitled to an award of liquidated damages.

### *Attorney's Fees*

22. Under the FLSA, the District Court awards reasonable attorney's fees to the prevailing party. A court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant...." *See* 29 U.S.C. § 216(b). Though the attorney's fee provision of the FLSA does not mention "prevailing party," the 5th Circuit typically cites prevailing party fee-shifting jurisprudence in FLSA cases. *See, e.g., Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404 (5th Cir. 2002).

23. The 5th Circuit uses the lodestar method to calculate an appropriate attorney's fee award under the FLSA. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). The lodestar method consists of multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work (*See, Shipes v. Trinity Industries,* 987 F.2d 311, 319-20 (5th Cir. 1993)),

24. Here, attorney Josef F. Buenker represents the Plaintiff. Mr. Buenker states that he and other lawyers at his firm have expended in excess of 13 hours on this case. Mr. Buenker states that his reasonable hourly rate is $425 (See Declaration of Josef Buenker attached as Exhibit 2). A printout of time spent in relation to this matter is attached to the declaration, and time has been deducted from the actual time spent due to the exercise of billing judgment. Plaintiff seeks $5,000.00 for attorney time spent prosecuting the case.

<u>*Costs*</u>

25.     Plaintiff also seeks $649.00 in taxable costs, which include costs expended to file suit in federal district court ($400.00), and costs for service of process ($249.00). *See* Exhibit 2.

## V.
## PRAYER FOR RELIEF

For these reasons, Plaintiff respectfully asks the Court to enter the Defendants' default as allowed under Fed. R. Civ. P. 55.

Plaintiff further asks the Court to grant his motion for default judgment and award the following damages:

- $18,870.00 in unpaid wages for Mario Martinez;

- $18,870.00 in liquidated damages for Mario Martinez;

- $5,000.00 for reasonable and necessary attorney's fees; and

- $649.00 for court costs.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

By:  */s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
2060 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on November 11, 2020, a true and correct copy of the foregoing was forwarded to the following Defendants in the following manner:

| | |
|---|---|
| Daisy Yoseline Vasquez<br>510 Shane Street<br>Houston, Texas 77037 | **Via CMRR AND Regular U.S. Mail** |
| Alexander Garcia-Ochoa<br>510 Shane Street<br>Houston, Texas 77037 | **Via CMRR AND Regular U.S. Mail** |

*/s/ Josef F. Buenker*
**Josef F. Buenker**